IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 29 2006

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO 5:06CV00252 JLH ) |
| v. | ) COMPLAINT ) This case assigned to District Judge Holmes |
| TANAMI TRADING CORPORATION, D/B/A LEFT LANE EXPRESS | ) and to Magistrate Judge Forster ) ) |
| Defendant. | ) JURY TRIAL DEMAND ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Bobby Huggins, Carla Huggins, Charles Morehead and other Black employees who have been adversely affected by such practices. The unlawful employment practices include, but are not limited to, being subjected to a racially hostile work environment. In addition, Bobby Huggins and Carla Huggins were subjected to constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and §706 and §707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII").

2.	The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

## PARTIES

3.	Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f).

4.	At all relevant times, Tanami Trading Corporation, d/b/a Left Lane Express ("Defendant Employer"), was a corporation doing business in the State of Arkansas and the City of Pine Bluff and has continuously had at least fifteen (15) employees.

5.	At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.	More than thirty (30) days prior to the institution of this lawsuit Bobby Huggins, Carla Huggins and Charles Morehead filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	From at least on or around December 1, 2005, and continuing, Defendant Employer has engaged in unlawful employment practices at its facility in Little Rock, Arkansas, in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a). The unlawful practices

2

include, but are not limited to subjecting Bobby Huggins, Carla Huggins, Charles Morehead and other Black employees to a racially hostile work environment. In addition, Defendant Employer subjected Bobby Huggins and Carla Huggins to constructive discharge.

8. The racial harassment in the workplace included, but was not limited to, graphic racial comments and threats of a racist nature by Defendant's management directed towards Bobby Huggins, Carla Huggins, Charles Morehead and other Black employees. The conduct was offensive, unwelcome, and pervasive in nature.

9. The effect of the practices complained of above has been to deprive Bobby Huggins, Carla Huggins, Charles Morehead and other Black employees of equal employment opportunities and otherwise adversely affect their status as employees.

10. The unlawful employment practices complained of above were and are intentional.

11. Defendant Employer at all relevant times acted with malice or reckless indifference to the federally protected rights of Bobby Huggins, Carla Huggins, Charles Morehead and other Black employees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race under Title VII of the Civil Rights Act of 1964, as amended.

B. Order Defendant Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Bobby Huggins and Carla Huggins who were subjected to Defendant's practices of race discrimination, racial harassment, and/or constructive discharge by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or placement in a comparable position.

D. Order Defendant Employer to make whole Bobby Huggins, Carla Huggins, Charles Morehead and other Black employees who were subjected to Defendant's practices of race discrimination, racial harassment, and/or constructive discharge by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Bobby Huggins, Carla Huggins, Charles Morehead and other Black employees who were subjected to Defendant's practices of race discrimination, racial harassment, and/or constructive discharge by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Bobby Huggins, Carla Huggins, Charles Morehead and other Black employee who were subjected to Defendant's practices of race

4

discrimination, racial harassment, and/or constructive discharge punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        **RONALD S. COOPER**
        General Counsel

        **JAMES L. LEE**
        Deputy General Counsel

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel

        *Faye Williams / by WK*
        **FAYE WILLIAMS**
        Regional Attorney

        *Terry Beck / by WK*
        **TERRY BECK**
        Supervisory Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1407 Union Avenue, Suite 621
        Memphis, TN 38104
        Telephone: (901) 544-0138

        **WILLIAM A. CASH, JR.**
        Senior Trial Attorney
        AR #88081

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Little Rock Area Office
        820 Louisiana St., Ste. 200
        Little Rock, Arkansas 72201
        Telephone:   (501) 324-5539